UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NOS.  CR-06-2119-WFN-1 |
| Respondent, | ) | CV-09-3051-WFN |
| | ) | |
| -vs- | ) | |
| | ) | ORDER |
| ARNULFO RICARDO MARTINEZ, | ) | |
| Movant. | ) | |

Before the Court is Mr. Martinez's *pro se* 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, filed on May 26, 2009 (Ct. Rec. 108).  Mr. Martinez requests that this Court reduce his sentence of imprisonment because (1) his imprisonment time is harsher as a non-citizen (including subsequent deportation when the term is complete) and (2) a 1995 United States Attorney General Memorandum allows a one to two level downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability and agreement to accept a final order of deportation.

## PROCEDURAL BACKGROUND

Mr. Martinez was indicted on July 19, 2006 on two drug counts (Ct. Rec. 1).  Mr. Martinez's Motion to Suppress was denied (Ct. Rec. 32).  He entered a guilty plea to both counts on October 12, 2006 (Ct. Recs. 38, 41).  Mr. Martinez agreed to waive his right to appeal, except his right to appeal the denial of his Motion to Suppress.  One additional provision of the Plea Agreement stated that the "Defendant further expressly waives his right to file any post conviction motion under 28 U.S.C. § 2255, attacking his conviction or sentence, except an appeal based on ineffective assistance of counsel." (Ct. Rec. 41, p. 9, lines 25-27).

ORDER - 1

1    This Court sentenced Mr. Martinez on March 21, 2007, to 70 months imprisonment

2  on each count to be run concurrent, 5 years of supervised release and a $200 special

3  assessment (Ct. Recs. 66, 81).  Mr. Martinez appealed and the Ninth Circuit affirmed the

4  denial of the suppression motion, but vacated the sentence and remanded for the Court to

5  conduct an inquiry into Mr. Martinez's motion to relieve retained counsel George Trejo of

6  representation and to re-sentence (Ct. Rec. 90).  On remand, Mr. Martinez was appointed

7  counsel (Ct. Rec. 92).  Mr. Martinez was re-sentenced on June 18, 2008, to the same sentence

8  previously imposed (Ct. Rec. 105).

9    Mr. Martinez filed his § 2255 Motion on May 26, 2009 (Ct. Rec. 108).  The Court

10  advised Mr. Martinez that his Plea Agreement waived any § 2255 Motion except one based

11  upon ineffective assistance of counsel (Ct. Rec. 109).  The Court requested confirmation as

12  to whether he wished to proceed with the Motion he filed, or whether he wished to amend

13  the Motion or withdraw it altogether.  The Court advised that if it did not receive a response

14  from Mr. Martinez the Court would review the Motion to determine whether it would be

15  served on the Government.

16    Mr. Martinez then filed a request for counsel which was denied (Ct. Recs. 110, 111).

17  Because the Court could not say that Defendant's Motion was patently frivolous, it order

18  service upon the Government.  In its response, the Government moved to dismiss Defendant's

19  motion (Ct. Rec. 112).

20                                      **DISCUSSION**

21  **A.  Standard of Review**

22    28 U.S.C. § 2255  provides that only if the motion, file and records "conclusively

23  show that the movant is entitled to no relief" may the Court summarily dismiss the

24  motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255(b)

25  (West 2009).  The rules regarding Section 2255 proceedings similarly state that the

26  Court may summarily order dismissal of a 2255 motion without service upon the

ORDER - 2

United States Attorney only "[i]f it lainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS (West 2009). Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). "If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether any evidentiary hearing is warranted." Rule 8(a) RULES-SECTION 2255 PROCEEDINGS (West 2009). An evidentiary hearing should be held unless "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir.1994). Since the function of an evidentiary hearing is to try issues of fact, such a hearing is unnecessary when only issues of law are raised. *Yeaman v. United States,* 326 F.2d 293 (9th Cir. 1963).

**B. Plea Agreement's § 2255 Waiver**

A defendant may waive his right to file a § 2255 motion to challenge his sentence, but such a waiver must do so expressly. *United States v. Nunez,* 223 F.3d 956, 959 (9th Cir. 2000). However, a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo,* 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005). Mr. Martinez's plea agreement states in part:

> The Defendant hereby expressly waives his right to appeal his conviction and the sentence imposed by the Court, provided the sentence is within the Guideline range as determined by the Court at the time of sentencing, except that the Defendant reserves the right to appeal the denial of the Defendant's motion to suppress. *The Defendant further expressly waives his right to file any post-conviction motion under 28 U.S.C. §2255, attacking his conviction or sentence, except an appeal based on ineffective assistance of counsel.*

ORDER - 3

Ct. Rec. 41, ¶ 19 (emphasis added). Mr. Martinez's Plea Agreement unequivocally waives his right to bring a § 2255 motion unless it is an ineffective assistance of counsel claim. Mr. Martinez's motion is not presented as an ineffective assistance of counsel claim. Accordingly, his motion may be dismissed because of his plea agreement waiver.

**B. Harsher Sentence**

Mr. Martinez contends that he is entitled to a sentence reduction because he is not eligible for certain benefits and privileges while in prison because he is not a U.S. citizen. This ineligibility, Mr. Martinez argues, amounts to a more severe sentence. Mr. Martinez specifically mentions citizen-only benefits that include drug programs that offer reduced sentences, transfers to half-ways houses, and jobs with higher wages. Unlike many other circuits, the Ninth Circuit has recognized that a non-citizen defendant who is deprived of certain Bureau of Prisons' programs can be eligible for a downward departure. *United States v. Charry Cubillos,* 91 F.3d 1342, 1344 (9th Cir. 1996). However, the bar for such a departure is set very high. For a departure, the deprivation must increase a sentence's severity *substantially* and such severity must be clearly undeserved. *Id.* Because of this high bar, "the circumstances justifying a downward departure on account of the deportable alien's severity of confinement may be quite rare." *Id.*

Mr. Martinez has not met this high burden. In fact, as the Government points out, Mr. Martinez's brief is substantially a rearticulation of past motions filled out by other inmates that lacks substantive allegations. Like similar past motions, Mr. Martinez 's motion makes blanket allegations of violations of Due Process, and Equal Protection. In response, the Government draws heavily from an unpublished District Court case: *United States. v. Ramses Soto-Palufux*, 2006 WL 1275127 (D. Idaho). In that case, the court presumed that the defendant, who made near identically broad allegations, was referring in part to drug programs organized by the Bureau of Prisons under 18 U.S.C. § 3621(e). The programs include residential treatment programs and the potential for early release. As the *Soto-*

ORDER - 4

*Palufux* court properly stated, under a rational basis test, these types of programs are consistently held to be constitutional. *See McLean v. Crabtree,* 173 F.3d 1176 (9th Cir. 1999). Thus, Mr. Martinez's harsher sentence claim fails.

**C. Downward Departure from Guidline Sentencing Range**

Mr. Martinez additionally asks for a sentence reduction because of a 1995 United States Attorney General Memorandum that allows a one to two level downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability and agreement to accept a final order of deportation. Mr. Martinez misconstrues this memo as a mandated downward departure. In fact, as the Government points out, (1) these departures (under U.S.S.G. § 5K3.1) are available only after a United States Attorney submits a proposal that is subsequently authorized by the U.S. Attorney General, (2) no such program has been authorized in the Eastern District, and (3) no such departure was sought (nor could it have been sought) by the Assistant United States Attorney in the Defendant's case. *See* Memorandum from Attorney General John Ashcroft, United States Department of Justice, to All United States Attorneys 5 (Sept. 22, 2003) (regarding Department Principles for Implementing an Expedited Disposition or "Fast-Track" Prosecution Program in a District), http://www.justice.gov/ag/readingroom/ag-092203.pdf..[1] Additionally, as Mr. Martinez reserved his right to appeal the denial of his Motion to Suppress, it would have been contradictory to his legal strategy to have stipulated to his deportation while simultaneously contesting his conviction in hopes of retaining his legal alien status. Thus, Mr. Martinez's downward departure claim fails on the merits.

---

[1] This program is not to be confused with the "Fast-Track" program that has been approved for the Eastern District. The program in place  provides for departures only in illegal reentry cases pursuant to 8 U.S.C. § 1326. As Mr. Martinez had not been deported and illegally reentered the United States, he was not eligible for this program.

ORDER - 5

**D. Ineffective Assistance of Counsel**

The Sixth Amendment provides that an accused in a criminal prosecution has a right to the assistance of counsel. U.S. CONST. amend. VI. In considering a claim of ineffective assistance of counsel, the Court must consider whether counsel's representation fell below an objective standard of reasonableness and whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Strickland* provides:

> [t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland*, 466 U.S. at 686. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* at 698.

The first prong of the *Strickland* test requires that Movant show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Court's scrutiny of counsel's performance must be highly deferential and must attempt to evaluate the conduct from counsel's perspective at the time. *Id.* at 689.

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955); *see, also, United States v. Bosch*, 914 F.2d 1239, 1244 (9th Cir. 1990).

The second prong of the *Strickland* test provides "the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. A defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The standard requires a showing that there is a reasonable probability that, but for the counsel's errors, the results of the

ORDER - 6

proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

If Mr. Martinez 's motion were construed as being an ineffective assistance of counsel claim, it would fail to meet the first prong of the *Strickland* test. First, Mr. Martinez's argument that prison time is harsher for him as a non-citizen was raised by both of his attorneys who requested a variance at sentencing and re-sentencing. (Ct. Rec. 54, p. 5-8; Ct. Rec. 99 p. 3). Regarding the Attorney General Memo, as discussed above, the argument would have been in error and against the defense strategy. Accordingly, had Mr. Martinez packaged his motion as an ineffective assistance of counsel claim, it would fail on its merits.

## CONCLUSION

A review of the motions, files and records of the case conclusively show that Mr. Martinez is entitled to no relief. Mr. Martinez's motion fails because of his valid plea agreement waiver, fails on the merits, and would have failed if it had been presented as an ineffective assistance of counsel claim.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 474. A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.* The Court may address either the

ORDER - 7

constitutional or procedural issue first. *Id.*  Based on the Court's preceding analysis, the Court concludes: 1) that the Movant has failed to make a substantial showing of a denial of a constitutional right and 2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural ruling.  Thus, a certificate of appealability is not issued for Mr. Martinez's § 2255 Motion.   Accordingly,

**IT IS ORDERED** that:

1.   Defendant's § 2255 Motion, filed May 26, 2009, Ct. Rec. 108, is **DENIED.**

2.   The Government's Motion to Dismiss, filed August 25, 2009, Ct. Rec. 112, is **GRANTED.**

The District Court Executive is directed to:

• File this Order;

• Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**;

• Send a copy to Movant and to the United States Attorney, Spokane, Washington; and

• Close the corresponding civil file, CV-09-3051-WFN.

**DATED** this 18th day of November, 2009.

s/ Wm. Fremming Nielsen
_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

11-03

ORDER - 8